# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMETRIUS RASHAAD,<br><br>                             Plaintiff,<br><br>v.<br><br>ANDREW M. SAUL, Commissioner of Social Security,<br><br>                             Defendant. | Case No.: 19cv1126-MMA (MDD)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS**<br><br>[Doc. No. 3] |

On June 17, 2019, Plaintiff Demetrius Rashaad filed this social security appeal pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), challenging the denial of his application for disability insurance benefits. Doc. No. 1 at 2. Plaintiff simultaneously filed a motion to proceed *in forma pauperis* ("IFP"). Doc. No. 3. For the reasons set forth below, the Court **DENIES** Plaintiff's motion to proceed IFP.

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[1] *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to

---

[1] In addition to the $350.00 statutory fee, civil litigants must pay an additional administrative fee of $50.00. *See* 28 U.S.C. § 1914(b) (Judicial Conference Schedule of Fees, District Court Misc. Fee

1

prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). "To proceed *in forma pauperis* is a privilege not a right." *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965). A party need not be completely destitute to proceed *in forma pauperis*. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948). But "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, either frivolous claims or remonstrances of a suitor who is financially able, in whole or in part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984).

After reviewing Plaintiff's application to proceed IFP, the Court finds that Plaintiff has not made an adequate showing that he lacks the financial resources or assets to pay the costs of commencing this action. Plaintiff receives $4,574.00 a month in retirement and disability benefits. Doc. No. 3 at 2. Plaintiff reports having $300.00 in his checking account and monthly expenses in the amount of $4,182.50. *Id.* at 2-5. As such, his monthly income exceeds his monthly expenses by $391.50. *See id.* Accordingly, the Court cannot conclude that paying the court filing fees would impair Plaintiff's ability to obtain the necessities of life. *See Adkins*, 335 U.S. at 339; *see also Riegel v. Colvin*, No. 15-CV-1342 W (MDD), 2015 U.S. Dist. LEXIS 102117, at *1 (S.D. Cal. Aug. 4, 2015) (denying the plaintiff's IFP motion where she had "a net-positive monthly household source of money of approximately $170.00" and the filing fee was $400.00); *Clark v. Soc. Sec. Appeals Council*, No. 16cv2710-JLS (AGS), 2017 U.S. Dist. LEXIS 15728, at *2 (S.D. Cal. Feb. 3, 2017) (denying IFP motion where Plaintiff received $5,500 monthly but reported having no money in any bank account).

Based on the foregoing, the Court **DENIES** Plaintiff's motion to proceed IFP. Doc. No. 3; *see* Civ. L.R. 3.2. On or before **July 31, 2019**, Plaintiff must pay the

---

Schedule, § 14 (eff. June. 1, 2016)). The additional $50.00 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

requisite $400.00 filing fee.  If Plaintiff does not pay the required filing fee by the above date, this case will be dismissed.

**IT IS SO ORDERED**.

Dated:  July 10, 2019

Hon. Michael M. Anello
United States District Judge