UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMETRIUS R.,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>ANDREW M. SAUL, Commissioner of Social Security,<br><br>　　　　　　　　　Defendant. | Case No.: 19cv1126-MMA-MDD<br><br>**REPORT AND RECOMMENDATION ON MOTION AND CROSS MOTION FOR SUMMARY JUDGMENT**<br>**[ECF NOS. 15, 20]** |

　　　Plaintiff Demetrius Rashaad ("Plaintiff") filed this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final administrative decision of the Commissioner of the Social Security Administration ("Commissioner") denying Plaintiff's application for Disability Insurance Benefits under Title II of the Social Security Act ("Act"). (AR ).[1]

　　　For the reasons expressed herein, the Court **RECOMMENDS** the case be **REMANDED** to the ALJ for further analysis.

---

[1] "AR" refers to the Certified Administrative Record filed on October 28, 2019. (ECF No. 13).

## I. BACKGROUND

Plaintiff was born in December 1967. (AR 35). At the time the instant application was filed on July 15, 2015, Plaintiff was 47 years-old which categorized him as a younger individual.[2] 20 C.F.R. § 404.1563, 416.963.

### A.   Procedural History

On July 15, 2015, Plaintiff protectively filed an application for a period of disability insurance benefits under Title II of the Social Security Act, alleging a disability beginning June 17, 2014. (AR 27). After his application was denied initially and upon reconsideration, Plaintiff requested an administrative hearing before an administrative law judge ("ALJ"). (*Id.*). An administrative hearing was held on December 5, 2017. Plaintiff appeared and was represented by attorney Shaneela Marlett. Testimony was taken from Plaintiff and Nelly Katsell a vocational expert ("VE"). (*Id.*). On May 7, 2018, the ALJ issued a decision denying Plaintiff's claim for benefits. (AR 55).

On June 11, 2018, Plaintiff sought review with the Appeals Council. (AR 6). On April 25, 2019, the Appeals Council denied Plaintiff's request for review and declared the Administrative Law Judge's decision to be the final decision of the Commissioner of Social Security in Plaintiff's case. (AR 1). This timely civil action followed.

//
//
//
//
//

---

[2] Since the time of filing his application, Plaintiff has moved into the next age category-closely approaching advanced age.

## II. DISCUSSION

### A. Legal Standard

Sections 405(g) and 1383(c)(3) of the Social Security Act allow unsuccessful applicants to seek judicial review of a final agency decision of the Commissioner. 42 U.S.C. §§ 405(g), 1383(c)(3). The scope of judicial review is limited in that a denial of benefits will not be disturbed if it is supported by substantial evidence and contains no legal error. *Id.*; *see also Batson v. Comm'r Soc. Sec. Admin*, 359 F.3d 1190, 1993 (9th Cir. 2004).

Substantial evidence means "more than a mere scintilla" but less than a preponderance. *Sandqathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997). "[I]t is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Andrews v. Shalala,* 53 F.3d 1035, 1039 (9th Cir. 1995)). The court must consider the record as a whole, weighing both the evidence that supports and detracts from the Commissioner's conclusions. *Desrosiers v. Sec'y of Health & Human Services*, 846 F.2d 573, 576 (9th Cir. 1988). If the evidence supports more than one rational interpretation, the court must uphold the ALJ's decision. *Batson*, 359 F.3d at 1193. When the evidence is inconclusive, "questions of credibility and resolution of conflicts in the testimony are functions solely of the Secretary." *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982).

Even if a reviewing court finds that substantial evidence supports the ALJ's conclusions, the court must set aside the decision if the ALJ failed to apply the proper legal standards in weighing the evidence and reaching his or her decision. *Batson*, 359 F.3d at 1193. Section 405(g) permits a court to enter a judgment affirming, modifying or reversing the Commissioner's decision. 42 U.S.C. § 405(g). The reviewing court may also remand the matter to the Social Security Administration for further proceedings. *Id.*

## B. Summary of the ALJ's Findings

In rendering his decision, the ALJ followed the Commissioner's five step sequential evaluation process. *See* C.F.R. § 404.1520. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since June 17, 2014. (AR 29).

At step two, the ALJ found that Plaintiff had the following severe impairments: PTSD and possible depressive disorder Not Otherwise Specified. (*Id.*).

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments listed in the Commissioner's Listing of Impairments. (AR 30) (citing 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526)).

Next, after considering the entire record, the ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform a full range of work at all exertional levels with the following non-exertional limitations:

> [A]void concentrated exposure to unprotected heights, moving and dangerous machinery, and open flames; is able to understand, remember and carry out simple repetitive instructions and tasks; should not work in a setting that includes regular/constant contact with the general public; and should not perform work that includes more than infrequent handling of customer complaints.

(AR 31).

The ALJ said that his RFC assessment was based on all the evidence and the extent to which Plaintiff's symptoms are consistent with the objective medical evidence and other evidence (*Id.*). The ALJ also stated that he considered the opinion evidence in accordance with the requirements of 20 C.F.R. 404.1527. (*Id.*).

The ALJ then proceeded to step four of the sequential evaluation

process. He found Plaintiff was unable to perform his past relevant work. (AR 35). For the purposes of his step five determination, the ALJ accepted the testimony of VE Nelly Katsell. The VE determined that Plaintiff could perform jobs identified by the VE which exist in significant numbers in the national economy. For example, mail carrier (DOT Code 230.367-010); parcel post carrier (DOT No. 372.363-101); protective officer (DOT No. 375.363-010); patrol officer (DOT No. 375-263-014). (AR 35).

### C. Issue in Dispute

The sole issue raised by Plaintiff in this case is that "[t]he ALJ failed to articulate persuasive, specific, valid reasons for rejecting the 100% disability rating from the Department of Veterans Affairs. (ECF 15 at p. 4). According to Plaintiff, the Department of Veterans Affairs (VA) rated Plaintiff's PTSD disability at 100%. (*Id.*). Plaintiff's other impairments were rated as follows: 1) hypertensive heart disease 30%; 2) sleep apnea 50%; and, 3) hypertension 10%. Plaintiff contends that his "overall disability was rated at 100%." (*Id.* at 5).

Defendant argues "the ALJ considered the examination reports and treatment notes Plaintiff received, including at the VA, and found that they were overall unremarkable and did not support a finding of disability under the Social Security Act. Defendant contends this rationale was 'persuasive, specific [and] valid." (ECF 18 at p. 16).

The Ninth Circuit has held:

> "[T]he ALJ must consider the VA's finding in reaching his decision and the ALJ must ordinarily give great weight to a VA determination of disability" *McLeod v. Astrue*, 640 F.3d 881, 886 (9th Cir. 2011) (internal quotations omitted) (internal citations omitted). We have found great weight to be ordinarily warranted because of the marked similarity between these two federal disability programs.' *McCartey*, 298 F.3d at 1076. However, a VA

rating is not conclusive and "does not necessarily compel the SSA to reach an identical result." *McLeod*, 640 F.3d at 886. An ALJ may give less weight to a VA rating "if he gives persuasive, specific, valid reasons for doing so that are supported by the record…" *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 695 (9th Cir. 2009).

*Luther v. Berryhill*, 891 F.3d 872, 876-877 (9th Cir. 2018).

In this case, the ALJ opined that "[t]he weight of the objective evidence does not support the claims of the claimant's disabling limitations to the degree alleged." (AR 32). For example, the ALJ stated "[i]n contrast to the claims of the claimant's disability due to PTSD, mental status examinations have been unremarkable other than anxious mood and tense motor activity." (*Id.*). "[H]e has had consistently normal memory functioning, average appetite, no sleep disturbance." (*Id.*).

In reaching his conclusion, the ALJ addressed the medical evidence including: 1) the treatment records prepared by Ms. Jane Benson, LCSW from the San Diego Veterans Center; 2) a consultative psychological examination conducted by Dr. Marcie Goldman, Ph.D.; and 3) a psychological examination conducted by Dr. Cara Zuccarelli Eggars, Ph.D. at the VA as part of a Disability Benefits Questionnaire. Each medical opinion will be addressed.

At the S.D. Veterans Center, Plaintiff underwent two mental functional assessments at the Vet Center. The first was in 2013 and the second was in 2016. Both assessments were completed primarily by Ms. Benson,[3] In both assessments Ms. Benson found Plaintiff had moderate limitations in

---

[3] Ms. Benson is trained as a LCSW which does not qualify her opinion as an acceptable medical source. 20 C.F.R. §416,902. However, the record shows that Dr. Karen Schoenfeld, Ph.D. is Ms. Benson's supervisor and signed off on Ms. Benson's findings. (AR 645, 647).

activities of daily living, marked limitation in ability to maintain social functioning, concentration, persistence and pace. (AR 33). Ms. Benson also testified on Plaintiff's behalf at the Appeals Hearing. (AR 60). According to the ALJ, she testified that the Plaintiff "gets easily overstimulated and then withdraws and isolates." (AR 33). Ms. Benson also opined that Plaintiff was not able to "handle a job on a regular basis for eight hours per day and 40 hours per week" even if limited to "occasional interaction with a supervisor or co-workers." (*Id.*).

The ALJ gave Ms. Benson's opinion "negligible weight" because social workers and therapists are not acceptable medical sources and their "diagnoses" are insufficient to establish a medically determinable impairment." (*Id.*). The ALJ cited to findings made by Ms. Benson, for example, that Plaintiff's PTSD was borne out by his loss of interest in activities, self-isolation and withdrawal, difficulty thinking/concentrating. However, the ALJ reiterated that despite these findings, he gave her opinions "little weight." (*Id.*).

The ALJ also cited to the October 2015 consultative examination Plaintiff underwent with Dr. Marci Goldman, Ph.D. She found Plaintiff to be in the borderline range with respect to memory; PTSD; and a GAF score of 54.[4] (AR 415). Dr. Goldman also found Plaintiff had moderate restrictions

---

[4] A GAF score is the clinician's opinion of a patient's overall level of functioning. It rates only psychological, social, and occupational functioning, without regard to impairments in functioning due to physical or environmental factors. Diagnostic and Statistical Manual of Mental Disorders 32 (4th ed. 2000) ("DSM-IV"). A GAF score in the range of 51-60 indicates "Moderate symptoms (e.g. flat affect and circumstantial speech, occasional panic attacks) OR moderate difficulty in social, occupational, or school functioning." *Id.* at 34. The most recent edition of the DSM "dropped" the GAF scale, citing to its "conceptual lack of clarity" and "questionable psychometrics in routine practice." Diagnostic and Statistical Manual of Mental Disorders 16 (5th ed. 2012).

performing simple, constant tasks; understanding and following directions; and sustaining an 8-hour day, 40-hour work week.  She further noted Plaintiff had severe restrictions in performing complex tasks and getting along with others (e.g. supervisors/co-workers). Dr. Goldman also found that Plaintiff's affect was friendly and cooperative, but also depressed, anxious and fearful.  Motivation, interest and effort were adequate throughout the assessment. (AR 414).  The ALJ gave little weight to Dr. Goldman's report because she "only saw the claimant on one occasion and placed too much emphasis upon his subjective complaints."  (AR 34).  The ALJ also rejected Dr. Goldman's opinion because she noted Plaintiff had a "depressed mood" which, according to the ALJ is not supported by the record. According to the ALJ, Plaintiff cites to anxiety and PTSD as the source of his disability.[5] (*Id.*).

Another medical record specifically cited by the ALJ is a Disability Benefits Questionnaire with the Department of Veteran's Affairs from November 2015. (AR 536). The excerpts cited were prepared by Dr. Cara Zuccarelli Eggers, Ph.D.  Dr. Eggers reported Plaintiff's symptoms as worse than determined in 2013 "and are currently causing significant impairments in all areas of functioning." (AR 527).  Dr. Eggers also cited a litany of symptoms that "actively" applied to Plaintiff's diagnosis.  For example, depressed mood, anxiety, panic attacks more than once a week, near continuous panic or depression, mild memory loss, flattened affect, difficulty in establishing and maintaining effective work and social relationships,

---

[5] It should be noted that the ALJ did attempt to get a second consultative evaluation, but Plaintiff refused to participate in a second CE.  The ALJ stated in his decision "the claimant did not attend the consultative examination and the undersigned was thwarted from obtaining independent verification of the conclusions" in the SD Vet Center treatment records. (AR 34).

difficulty in adapting to stressful circumstances including a work like setting. (AR 535).

Notwithstanding, Dr. Eggers' explicit report, the ALJ "attached no weight to this speculative statement based upon an isolated examination." (AR 34). The ALJ added that Dr. Eggers "placed too much weight on the claimant's subjective report on that occasion which was inconsistent" with other statements made by Plaintiff. (*Id.*).

The ALJ also cited to the Department of Veterans Affairs assignment of a 100% disability rating to Plaintiff. The ALJ acknowledged that the law in this circuit requires that VA disability ratings are entitled to great weight. (AR 34) (*citing McCartey v. Massanari*, 298 F. 3d 1072, 1076 (9th Cir. 2002). However, the ALJ stated that VA disability ratings "are not binding on the Social Security Administration." (AR 35). "Therefore, the undersigned has not given any weight to the finding of 'disability' by the VA in part because the VA based its award, in significant part, on non-severe conditions without requiring the same degree of medical support mandated by the Social Security Administration." (*Id.*).

Lastly, the ALJ briefly cited to the findings of the state agency mental health consultant. (AR 32). The ALJ noted that "[o]n initial and reconsideration review, the state agency mental health consultant opined that Plaintiff "can perform simple work tasks; can interact with supervisors and co-workers; limited contact with the general public; can adapt to work setting that is not fast paced." (AR 32-33). The ALJ did not state what weight he assigned to the state agency mental health consultant's findings.

In this case, the ALJ assigned little to no weight to every examining or treating medical opinion cited by him. Even had the ALJ assigned great or substantial weight to the state agency physician's report, the opinion of a

non-examining physician "cannot by itself constitute substantial evidence that justifies rejection of the opinion of either an examining or treating physician." *Lester v. Chater*, 81 F.3d 821, 831 (9th Cir.1995). Consequently, it is not clear what medical opinion supported the ALJ's determination of Plaintiff's residual functional capacity. In fact, no examining physician's opinion supports the ALJ's RFC determination. This ambiguity combined with the lack of a supporting testifying medical expert suggests that the ALJ's RFC assessment is not supported by substantial evidence in the record.

It is not apparent to the Court that Plaintiff is or is not disabled without additional findings. The record does not support the ALJ's decision to accord little or no weight to the findings of the VA and to the opinions of treating and examining physicians absent specific and legitimate reasons supported by substantial evidence. The outstanding issues must be revisited and resolved by the ALJ on review. For these reasons the Court recommends the case be remanded for further administrative action consistent with the findings presented herein.

### III. RECOMMENDATION

This Report and Recommendation of the undersigned Magistrate Judge is submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1) and Local Civil Rule 72.1(c) of the United States District Court for the Southern District of California.

**IT IS HEREBY ORDERED** that any written objection to this report must be filed with the court and served on all parties no later than **August 21, 2019**. The document should be captioned "Objections to Report and Recommendations."

**IT IS FURTHER ORDERED** that any reply to the objections shall be

1  filed with the Court and served on all parties no later than **August 28, 2019**.
2  The parties are advised that failure to file objections within the specified time
3  may waive the right to raise those objections on appeal of the Court's order.
4  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

5  **IT IS SO ORDERED.**

6  Dated:   August 5, 2020

   Hon. Mitchell D. Dembin
   United States Magistrate Judge