1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

DEMETRIUS RASHAAD,

                      Plaintiff,

v.

ANDREW M. SAUL, Commissioner of
Social Security,

                      Defendant.

Case No. 19-cv-1126-MMA (MDD)

**ORDER ADOPTING REPORT AND
RECOMMENDATION; GRANTING
PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT; DENYING
COMMISSIONER'S CROSS-
MOTION FOR SUMMARY
JUDGMENT; REMANDING
ACTION TO SOCIAL SECURITY
ADMINISTRATION**

[Doc. Nos. 15, 18, 21]

21      On June 17, 2019, Demetrius Rashaad ("Plaintiff") filed this social security appeal

22  challenging the denial of his application for disability insurance benefits. *See* Doc. No. 1

23  ¶¶ 6, 7, 9.[1]  The Court referred all matters arising in this social security appeal to the

24  assigned Magistrate Judge for report and recommendation ("R&R") pursuant to Section

25
26

27  [1] Citations generally refer to the pagination assigned by the CM/ECF system.  However, "AR" refers to
28  citations to the Certified Administrative Record filed on October 28, 2019 and October 30, 2019. *See*
Doc. Nos. 13, 14 ("AR").

1   28 U.S.C. § 636(b)(1)(B) and Civil Local Rule 72.1.  *See* Doc. No. 9.  The parties filed
2   cross-motions for summary judgment.  *See* Doc. Nos. 15, 18.  The Magistrate Judge has
3   issued a R&R recommending that the Court remand the case for further administrative
4   action to determine whether Plaintiff is disabled.  *See* Doc. No. 21.  Andrew M. Saul,
5   Commissioner of Social Security, ("Commissioner") objected to the R&R, and Plaintiff
6   replied.  *See* Doc. Nos. 22, 23.  Upon due consideration and for the reasons set forth
7   below, the Court **OVERRULES** the Commissioner's objection, **ADOPTS** Judge
8   Dembin's R&R, **GRANTS** Plaintiff's motion for summary judgment, and **DENIES** the
9   Commissioner's cross-motion for summary judgment.  The Court **REMANDS** this
10  matter to the Social Security Administration for further administrative proceedings
11  consistent with this Court's Order and Judge Dembin's R&R.

## I. BACKGROUND

13      Seeking judicial review to challenge the denial of his application for disability
14  insurance benefits, Plaintiff filed the present action pursuant to 42 U.S.C. § 405(g).  *See*
15  Doc. No. 1 ¶ 3.  Plaintiff moved for summary judgment, arguing that "[t]he ALJ failed to
16  articulate persuasive, specific, valid reasons for rejecting [Plaintiff's] 100% disability
17  rating."  Doc. No. 15-1 at 8.  The Commissioner filed a cross-motion for summary
18  judgment, arguing that the Court should affirm the ALJ's decision because "it is
19  supported by substantial evidence and free from material or reversible legal error."  Doc.
20  No. 18-1 at 18.

21      The Magistrate Judge issued an R&R on the parties' cross motions for summary
22  judgment, in which he recommends that the case be remanded to the ALJ for further
23  analysis.  *See* Doc. No. 21 at 1, 10.  The Magistrate Judge found that "the ALJ assigned
24  little to no weight to every examining or treating medical opinion cited by him."  *Id.* at 9.
25  The Magistrate Judge noted that "it is not clear what medical opinion supported the
26  ALJ's determination of Plaintiff's [RFC]."  *Id.* at 10.  The Magistrate Judge found that
27  "[t]his ambiguity combined with the lack of a supporting testifying medical expert
28  suggests that the ALJ's RFC assessment is not supported by substantial evidence in the

1   record." *Id.* Thus, without further findings, the Magistrate Judge determined "[i]t is not

2   apparent to the Court that Plaintiff is or is not disabled without additional findings." *Id.*

3        The Commissioner now objects to the Magistrate Judge's R&R. *See* Doc. No. 22.

4   ## II. LEGAL STANDARD

5        The duties of the district court in connection with a magistrate judge's report and

6   recommendation are set forth in Rule 72(b) of the Federal Rules of Civil Procedure and

7   28 U.S.C. § 636(b)(1).  Where the parties object to a R&R, "[a] judge of the [district]

8   court shall make a de novo determination of those portions of the [R&R] to which

9   objection is made."  28 U.S.C. § 636(b)(1); *see Thomas v. Arn*, 474 U.S. 140, 149-50

10  (1985).  A district judge may "accept, reject, or modify, in whole or in part, the findings

11  or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1); *see also*

12  *Wilkins v. Ramirez*, 455 F. Supp. 2d 1080, 1088 (S.D. Cal. 2006).

13  ## III. DISCUSSION

14       The Commissioner objects to the Magistrate Judge's R&R because the ALJ

15  "provided legally valid reasons supported by substantial evidence for rejecting the [VA]

16  rating of 100 percent disability based on post-traumatic stress disorder (PTSD), and for

17  ultimately finding that Plaintiff did not prove he was further restricted mentally than

18  assessed by the Commissioner."  Doc. No. 22 at 2.  In response to the Magistrate Judge's

19  findings that "the ALJ assigned little to no weight to every examining or treating medical

20  opinion cited by him" and "it is not clear what medical opinion supported the ALJ's

21  determination of Plaintiff's [RFC]," Doc. No. 21 at 9, 10, the Commissioner asserts that

22  "it may be inferred that the ALJ gave weight to Drs. Gregg's and Davis's opinions of

23  'simple work tasks; can interact with supervisors and coworkers; limited contact with the

24  general public; can adapt to a work setting that is not fast paced' as a basis for [the ALJ's

25  RFC] finding."  Doc. No. 22 at 8 (quoting AR 32–33).

26       Rebutting the Commissioner's argument that the ALJ's RFC finding is supported

27  by inferred reliance on Dr. Gregg's and Dr. Davis's evaluations, Plaintiff argues

28  inference is insufficient.  *See* Doc. No. 23 at 2.  Plaintiff argues that the ALJ "never drew

1    a nexus between the supposed broad range of evidence that found consistency with the

2    opinions of" the two doctors.  *Id.* at 4.  Plaintiff further claims the ALJ relied upon

3    speculative rationale without reliance on evidence in the record.  *See id.* at 5.

4    Additionally, Plaintiff argues that the ALJ erred in thinking that "the 100% disability

5    rating was the combined total from other impairments such as hypertension, sleep

6    apnea[,] and hypertensive heart disease."  *Id.* at 6.

7         The Ninth Circuit has held that "although a VA rating of disability does not

8    necessarily compel the [Social Security Administration ('SSA')] to reach an identical

9    result, the ALJ must consider the VA's finding in reaching his decision."  *McCartey v.*

10   *Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002) (citing 20 C.F.R. § 404.1504).  The ALJ

11   "must ordinarily give great weight to a VA determination of disability."  *Id.*  In making

12   its holding, the Ninth Circuit reasoned that the social security and VA programs are

13   similar.  *See id.*  Indeed, the VA's "criteria for evaluating disability are very specific and

14   translate easily into SSA's disability framework."  *Id.*  However, the criteria are not

15   identical, and thus, "the ALJ may give less weight to a VA disability rating if he gives

16   persuasive, specific, valid reasons for doing so that are supported by the record."  *Id.*

17   Confronted with the VA's 100% disability rating, the ALJ did not give weight to the VA

18   disability rating for two stated reasons: (1) general definitional differences between the

19   two agencies and (2) inclusion of nonsevere conditions as part of the rating.  *See* AR 35.

20        As to the first reason, the ALJ noted that the definition of "disability" under the

21   VA differs from that under the SSA.  *Id.* at 35.  Rejecting a VA disability rating because

22   the governing rules or disability inquiries are different is not a persuasive, specific, or

23   valid reason for rejecting a VA determination.  *Berry v. Astrue*, 622 F.3d 1228, 1236 (9th

24   Cir. 2010); *see Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 695 (9th Cir. 2009)

25   ("Insofar as the ALJ distinguished the VA's disability rating on the general ground that

26   the VA and SSA disability inquiries are different, her analysis fell afoul of *McCartey*.").

27   The Court finds that the ALJ's decision to reject the VA's disability rating—to the extent

28

1  that the definition of "disability" generally differs between the VA and the SSA—not a

2  persuasive, specific, or valid reason for rejecting the VA's disability determination.

3  　　　As to the second reason, the ALJ concluded that he did "not given any weight to

4  the finding of 'disability' by the VA in part because the VA based its award, in

5  significant part, on non-severe conditions without requiring the same degree of medical

6  support mandated by the Social Security Administration." AR at 35. The VA provided

7  Plaintiff with the following ratings: 30% for hypersensitive heart disease, 50% for sleep

8  apnea, 10% for hypertension, and 100% for PTSD. *See id.* 418–419. The VA explicitly

9  noted that the VA ratings are not additive. *See id.* at 420. Moreover, in the PTSD

10  evaluation section, the VA stated that "[w]e have assigned a 100 percent evaluation for

11  your [PTSD] based on . . . [a list of the VA's findings]." *Id.* at 419. Thus, it appears that

12  the ALJ incorrectly found that the "VA based its award, in significant part, on non-severe

13  conditions." *Id.* at 35.

14  　　　Regardless of other "factors" provided by the ALJ that may suggest evidence in

15  favor of the ALJ's RFC finding, *see* Doc. No. 22 at 6 (quoting AR 35), the fact remains

16  that the ALJ's findings are tainted with legal error because of the lack of any weight

17  provided to, or a valid reason to reject, the VA determination. The Commissioner further

18  seeks to affirm the ALJ's holding because "the ALJ found Plaintiff not disabled based on

19  evidence that was 'unavailable' to the VA when it rendered its December 2015 decision."

20  *Id.* at 7 (citing *Valentine*, 574 F.3d at 695). Regardless of any success this argument may

21  have before the ALJ, the Court finds that the ALJ did not provide this rationale as a

22  means to give less weight to the VA rating. The Court declines the Commissioner's

23  invitation to conduct an ex post examination of the ALJ's decision to infer that

24  unavailable evidence constituted a persuasive, specific, or valid reason to give less weight

25  to the VA determination. *See Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014)

26  ("We review only the reasons provided by the ALJ in the disability determination and

27  may not affirm the ALJ on a ground upon which he did not rely."); *Orn v. Astrue*, 495

28  F.3d 625, 630 (9th Cir. 2007) (same).

1    Because the ALJ failed to provide a sustainable persuasive, specific, or valid

2  reason to reject the VA's determination and then failed to give any weight to the VA's

3  determination, the ALJ neglected to give the great weight required to a VA determination

4  of disability.  *See McCartey*, 298 F.3d at 1076.  Accordingly, the ALJ made a legal error.

5  As a result, it is not clear whether Plaintiff is disabled.  This ambiguity is compounded by

6  the fact that the ALJ attributed minimal to no weight to each cited treatment or medical

7  opinion.  *See* AR 33–35 (giving "negligible weight" to therapist Jane Benson's opinions,

8  "limited weight" to Dr. Marcie Goldman's opinion, "no weight" to Dr. Cara Zuccarelli

9  Eggars's speculative statement, and "not . . . any weight" to the VA's finding).

10  Regardless of any potential inferred reliance on the opinions of Dr. Kevin Gregg and Dr.

11  Preston Davis by the ALJ, *compare id.* at 32–33, *with id.* at 74, 75, 86, 88; *see also* Doc.

12  No. 18-1 at 13; Doc. No. 22 at 8—neither of whom are expressly mentioned in the ALJ

13  decision—the Court finds that the ALJ's decision is not supported by substantial

14  evidence and is thus incomplete without further consideration of the VA disability rating

15  and a clearer understanding on what weight is assigned to the relied upon medical

16  opinions.

17    In sum, the Court finds that the ALJ's decision is based on legal error and is not

18  supported by substantial evidence in the record.  As recommended by the Magistrate

19  Judge, "these issues must be revisited and resolved by the ALJ on review."  Doc. No. 21

20  at 10.

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

19-cv-1126-MMA (MDD)

1

## IV. CONCLUSION

2       For the foregoing reasons, the Court **OVERRULES** the Commissioner's

3   objection, **ADOPTS** Judge Dembin's R&R, **GRANTS** Plaintiff's motion for summary

4   judgment, and **DENIES** the Commissioner's cross-motion for summary judgment.

5   Accordingly, the Court **REMANDS** this matter to the Social Security Administration for

6   further administrative proceedings consistent with this Court's Order and Judge

7   Dembin's R&R.  The Court **DIRECTS** the Clerk of Court to enter judgment accordingly

8   and close the case.

9       **IT IS SO ORDERED**.

10

11  Dated: August 31, 2020

12

13                                                HON. MICHAEL M. ANELLO

14                                                United States District Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7