# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMETRIUS R., <br><br> Plaintiff, <br><br> v. <br><br> KILOLO KIJAKAZI, Acting Commissioner of Social Security, <br><br> Defendant. | Case No. 19-cv-1126-MMA-MDD <br><br> **ORDER GRANTING MOTION FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(b)** <br><br> [Doc. No. 29] |

Young Cho, counsel for Plaintiff Demetrius R., moves for an award of attorney's fees pursuant to 42 U.S.C. § 406(b) in the amount of $34,065.00, with a credit to Plaintiff for the EAJA fees previously paid in the amount of $5,700. Plaintiff has not responded to Attorney Cho's request, and the Social Security Commissioner (the "Commissioner")[1] does not take a position on the reasonableness of the requested amount. *See* Doc. No. 31. The Court found this matter suitable for determination on the papers and without oral

---

[1] Kilolo Kijakazi is now the Acting Commissioner of Social Security. Therefore, pursuant to Federal Rule of Civil Procedure 25(d), Kilolo Kijakazi is substituted as the defendant in this suit. No further action needs to be taken, pursuant to the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

1

argument pursuant to Civil Local Rule 7.1.d.1.  *See* Doc. No. 30.  For the reasons set forth below, the Court **GRANTS** the motion.

## I. BACKGROUND

On June 17, 2019, Plaintiff filed this social security appeal challenging the denial of his application for disability insurance benefits.  *See* Doc. No. 1 ¶¶ 6, 7, 9.  The Court referred all matters arising in this social security appeal to the assigned Magistrate Judge for report and recommendation ("R&R") pursuant to 28 U.S.C. § 636(b)(1)(B) and Civil Local Rule 72.1.  *See* Doc. No. 9.  On August 5, 2020, the Magistrate Judge issued an R&R recommending that the Court remand the case for further administrative action to determine whether Plaintiff is disabled.  *See* Doc. No. 21.  The Commissioner objected to the R&R.  *See* Doc. No. 22.  The Court overruled the Commissioner's objection, adopted the R&R, granted Plaintiff's motion for summary judgment, denied the Commissioner's cross-motion for summary judgment, and remanded the matter to the Social Security Administration for further administrative proceedings consistent with the Court's Order and the R&R.  *See* Doc. No. 24.  Thereafter, pursuant to the parties' stipulation, *see* Doc. No. 27, the Court awarded Plaintiff attorney fees and expenses in the total amount of $5,700.00 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d) and costs in the amount of $400.00 under 28 U.S.C. § 1920, *see* Doc. No. 28.

On remand, the Commissioner awarded Plaintiff $136,260.00 in past-due benefits. *See* Doc. No. 29 at 5.  Now, pursuant to a contingency fee arrangement, Attorney Cho requests that the Court order payment of attorney's fees in the amount of $34,065.00 and reimbursement of $5,700 to Plaintiff.

## II. LEGAL STANDARD

"Under 42 U.S.C. § 406(b), a court entering judgment in favor of [a social security] claimant who was represented by an attorney 'may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.'" *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009) (en banc) (quoting

§ 406(b)(1)(A)).  "Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).[2]

"[A] district court charged with determining a reasonable fee award under § 406(b)(1)(A) must respect 'the primacy of lawful attorney-client fee agreements,' . . . 'looking first to the contingent-fee agreement, then testing it for reasonableness.'" *Crawford*, 586 F.3d at 1148 (quoting *Gisbrecht*, 535 U.S. at 793, 808).  When determining reasonableness, the court must consider "whether the amount need be reduced, not whether the loadstar amount should be enhanced." *Id.* at 1149.  While there is not a definitive list of factors, courts should consider "the character of the representation and the results the representative achieved." *Gisbrecht*, 535 U.S. at 808. "The court may properly reduce the fee for substandard performance, delay, or benefits that are not in proportion to the time spent on the case." *Crawford*, 586 F.3d at 1151. Finally, any fee award under § 406 must be offset by any award of attorney's fees granted under the EAJA.  28 U.S.C. § 2412; *Gisbrecht*, 535 U.S. at 796.

### III. DISCUSSION

In an agreement between Plaintiff and the Law Offices of Lawrence D. Rohlfing dated May 30, 2018, Plaintiff agreed to pay counsel 25% of any past-due benefits awarded by the Commissioner.  *See* Doc. No. 29-1 ("Ex. 1").  The parties entered into this agreement prior to initiating this action, and there is nothing in the record to suggest the agreement was reached by improper means.  Counsel for Plaintiff spent 29.3 hours litigating this case in Court, resulting in this Court's order granting Plaintiff summary

---

[2] The lodestar calculation does not apply to determine reasonableness of fees under § 406(b).  *Gisbrecht*, 535 U.S. at 802 (explaining that the lodestar method is applicable to "disputes over the amount of fees properly shifted to the loser in the litigation" whereas "Section 406(b) is of another genre: [i]t authorizes fees payable from the successful party's recovery"); *see also Crawford*, 586 F.3d at 1148 ("SSDI attorneys' fees, in contract [with fees authorized pursuant to fee-shifting statutes], are not shifted. They are paid from the award of past-due benefits and the amount of the fee, up to 25% of past-due benefits, is based on the agreement between the attorney and the client.") (internal citation omitted).

judgment and remanding the case for further administrative proceedings, which ultimately resulted in a favorable decision on remand. *See* Doc. No. 29 at 16–18 ("Cho Decl.") ¶ 5. Plaintiff received an award of $136,260.00 in retroactive benefits. Cho Decl. ¶ 4. Plaintiff's counsel seeks $34,065.00 in attorney's fees, which constitutes 25% of the past-due award and which is a proper amount under § 406(b)(1)(A).

        The Court further finds there is no proper basis to reduce the award, and it is reasonable. There is nothing in the record to suggest substandard performance, delay, or a disproportionate amount of time spent on this case relevant to the benefits at stake. To the contrary, as a result of counsel's work, Plaintiff received a highly favorable decision and a significant award of past-due benefits. And while the effective hourly rate is approximately $1,162, which is at the high end of the range of rates awarded by courts, *see Williams v. Berryhill*, No. EDCV 15-919-KK, 2018 U.S. Dist. LEXIS 222794, at *6 (C.D. Cal. Nov. 13, 2018) (awarding fee request that provides an hourly rate of $1,553.36 per hour); *Coles v. Berryhill*, No. EDCV 14-1488-KK, 2018 U.S. Dist. LEXIS 104321, at *6 (C.D. Cal. June 21, 2018) (effective hourly rate of $1,431.94 reasonable under the circumstances); *Palos ex rel. Estate of Palos v. Colvin*, No. CV 15-04261-DTB, 2016 U.S. Dist. LEXIS 128277, at *5 (C.D. Cal. Sept. 20, 2016) (fees sought translate to $1,546.39 per hour for attorney and paralegal services), the Court nonetheless finds it reasonable. *See Ryan v. Comm'r of Soc. Sec.*, No. 1:19-cv-00973-SAB, 2021 U.S. Dist. LEXIS 134303, at *6 (E.D. Cal. July 19, 2021) ("Further, since *Gisbrecht*, courts note that reducing a fee request is dicey business and find fee awards much higher than this to be reasonable."). Thus, based on the character of counsel's representation and the favorable results achieved, the Court finds the requested fees in the amount of $34,065.00 are reasonable.

### IV. CONCLUSION

        Based upon the foregoing, the Court **GRANTS** Plaintiff's counsel's motion for attorney's fees under 42 U.S.C. § 406(b) and **APPROVES** an award in the amount of $34,065.00. Consistent with the Commissioner's statement of position, *see* Doc. No. 31,

the Court declines to order the Commissioner to make this payment but rather **DIRECTS** that any fees ultimately withheld for counsel be made payable to the Law Offices of Lawrence D. Rohlfing, Inc., CPC as set forth in counsel's motion. The Court further **ORDERS** Plaintiff's counsel to refund Plaintiff $5,700 in EAJA fees that counsel previously accepted for work.

**IT IS SO ORDERED**.

Dated:  October 16, 2023

HON. MICHAEL M. ANELLO
United States District Judge